IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAHMOOD I. ALYSHAH and THE
ALYSHAH IMMIGRATION
AGENCY, INC.,

    Plaintiffs,

    v.

THE SUPERIOR COURT OF
DEKALB COUNTY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-760-TWT

OPINION AND ORDER

This is a pro se action challenging the constitutionality of actions taken to enforce an order prohibiting the Plaintiffs from practicing law without a license. It is before the Court on the Defendants' Motion to Dismiss [Doc. 7]. For the reasons set forth below, the Defendants' motion is GRANTED.

I. BACKGROUND

Plaintiff Alyshah Immigration Agency, Inc. ("Alyshah Immigration") is a Georgia for-profit organization that allegedly helps clients prepare forms related to immigration to and employment within the United States. Plaintiff Mahmood I.

Alyshah is the president of Alyshah Immigration.  Alyshah is not a member of the State Bar of Georgia ("State Bar"), and he is neither licensed nor qualified to practice law in the state of Georgia.  On July 17, 2002, the State Bar filed a complaint for injunctive relief against Alyshah Immigration in the Superior Court of DeKalb County.  <u>State Bar of Georgia v. Alyshah Immigration Agency, Inc.</u>, No. 02-CV-7660 (Sup. Ct. DeKalb County 2002).  The case was assigned to Defendant Linda Warren Hunter.  The complaint alleged that Alyshah Immigration had placed advertisements in local Atlanta magazines stating that it practiced immigration law.  It also alleged that Mahmood Alyshah misled an INS officer into thinking that Alyshah was a lawyer.  The State Bar sought to enjoin Alyshah Immigration and its president from engaging in the unauthorized practice of law in Georgia. The case was resolved with a consent order.  The consent order, signed by each party's counsel and by Judge Hunter, stated: "IT IS HEREBY ORDERED, ADJUDGED & DECREED that Alyshah Immigration Agency, Inc., and its officers, directors, employees and agents be permanently forbidden, restrained and enjoined from engaging in the practice of law within the State of Georgia."  (Consent Order of October 30, 2002, <u>State Bar of Georgia v. Alyshah Immigration Agency, Inc.</u>, No. 02-CV-7660 (Sup. Ct. DeKalb County 2002)).

On April 14, 2004, the Plaintiffs filed a complaint in this Court challenging the constitutionality of the Superior Court Consent Order and seeking damages resulting

from that action. <u>Alyshah Immigration Agency, Inc. v. State Bar of Georgia</u>, No. 1:04-CV-1017-TWT (N.D. Ga. 2004) ("<u>Alyshah Immigration I</u>"). The Court granted the State Bar's Motion to Dismiss on the grounds that the Plaintiffs' constitutional claims were barred by the <u>Rooker-Feldman</u> doctrine and *res judicata*. In addition, the Court found that the Plaintiffs' state law claims were barred by the one-year statute of limitation and that O.C.G.A. § 2-10-107 had no applicability to the case. Finally, the Court found that Alyshah Immigration was not properly before the Court because, as a corporation, it could not proceed pro se.

On January 19, 2005, while the State Bar's Motion to Dismiss in <u>Alyshah Immigration I</u> was pending before this Court, the State Bar filed a Motion for Contempt of Court in the DeKalb Superior Court. The contempt motion alleged that Alyshah, as the president of Alyshah Immigration, had engaged in the unauthorized practice of law in violation of the Consent Order. According to the Plaintiffs, the claims in this action arise out of the filing of the contempt motion and Judge Hunter's subsequent scheduling of a hearing on the motion. However, the claims asserted by the Plaintiffs in this action are essentially the same as those asserted against the State Bar in <u>Alyshah Immigration I</u>. There are only two differences of note. First, the Plaintiffs named the DeKalb Superior Court and Judge Hunter as Defendants rather than the State Bar. Second, instead of challenging the constitutionality of the Consent

Order, the Plaintiffs challenge the constitutionality of the contempt motion. However, they allege similar violations of the First, Fourth, and Ninth Amendments. In addition to the constitutional claims, the Plaintiffs reiterate their claim under O.C.G.A. § 2-10-107, but add claims for injury to peace, happiness, and feeling, O.C.G.A. § 51-12-6; malicious civil action, O.C.G.A. § 51-7-80(5); and restraint of trade, O.C.G.A. § 10-4-177. Lastly, the Plaintiffs allege that a conflict of interest exists because Judge Hunter is a member of the State Bar. The Defendants move to dismiss all claims asserted by the Plaintiffs.[1]

## II. MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S.

---

[1]The Plaintiffs failed to respond to the Defendants' motion to dismiss.

1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.

### III. DISCUSSION

A.  Constitutional Claims

Plaintiff Alyshah contends that Judge Hunter, presumably in her official capacity as a DeKalb Superior Court Judge, violated his constitutional rights by not dismissing the motion for contempt. Specifically, the Plaintiff alleges that the First and Ninth Amendments to the United States Constitution afford him the right to practice law and that the contempt motion was not dismissed in an attempt to restrict, prevent, prohibit, and deny the Plaintiff the ability to do so and disparage him to his clients. He further alleges that Judge Hunter violated his Fourth Amendment right by seizing from him the right to practice law. In Alyshah Immigration I, the Court lacked subject matter jurisdiction over virtually identical claims pursuant to the Rooker-Feldman doctrine. Similarly, the Rooker-Feldman doctrine bars the Court from entertaining the merits of the Plaintiff's ridiculous arguments in this case.

Although the Plaintiffs are not directly requesting that the Court overturn the Consent Order, as was the case in Alyshah Immigration I, they are seeking damages based on Judge Hunter's failure to dismiss *sua sponte* the contempt motion filed by the State Bar to enforce the Consent Order. By challenging the State Bar's right to

enforce the Consent Order and prevent the Plaintiffs from engaging in the unauthorized practice of law, the Plaintiffs are, in essence, once again challenging the constitutional validity of the Consent Order itself. Pursuant to the Rooker-Feldman doctrine, a federal district court lacks subject matter jurisdiction to review, reverse, or invalidate a final decision of a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The doctrine bars jurisdiction where four criteria are met:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003) (citations omitted). Although the complaint in state court was filed against Alyshah Immigration, the individual Plaintiff verified the answer, acted as the corporate representative, and was specifically subject to the resultant Consent Order. The Consent Order enjoining the unauthorized practice of law is the conclusive order judgment by the DeKalb Superior Court. The Plaintiffs had, but did not utilize, ample opportunity to raise constitutional claims in that state court proceedings. Thus, the first three requirements of the Amos test are clearly met.

In order for the Rooker-Feldman doctrine to bar jurisdiction, the Plaintiffs' claims must effectively request a review of the state court order. A district court reviews a state court order when the federal claims are "inextricably intertwined" with the state court's decision. Feldman, 460 U.S. at 483; Amos, 347 F.3d at 1265 n.11. A claim in district court is "inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Goodman ex. rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). The Consent Order bars the Plaintiffs from engaging in the unauthorized practice of law. The contempt motion was filed to enforce the terms of the Consent Order. The Plaintiffs' constitutional claims cannot succeed without this Court concluding that the state court incorrectly permitted the Consent Order to infringe the Plaintiffs' constitutional rights and, therefore, that the terms cannot be enforced without violating those rights. Hearing the Plaintiffs' constitutional claims is tantamount to reviewing the merits of the Consent Order. Because the Plaintiffs' constitutional claims satisfy the four elements of the test for applying the Rooker-Feldman doctrine, this Court cannot properly assert subject matter jurisdiction over the Plaintiffs' federal claims.

      B.     State Law Claims

The Plaintiffs assert five claims that ostensibly arise under state law. First, the Plaintiffs allege that by failing to dismiss the contempt motion and instead scheduling a hearing on the motion, Judge Hunter caused injury to the peace, happiness and feeling of the Plaintiffs in violation of O.C.G.A. § 51-12-6. (Compl. ¶ 26.) However, O.C.G.A § 51-12-6 does not create an independent cause of action for injury to peace, happiness, or feelings. Rather, this section prescribes a measure of recovery where another cause of action exists. Reeves v. Edge, 225 Ga. App. 615, 620 (1997) (citing Westview Cemetery v. Blanchard, 234 Ga. 540, 544 (1975)); see also Hayes v. Irwin, 541 F. Supp. 397, 439 (N.D. Ga. 1982). Thus, the Plaintiffs cannot state a claim under O.C.G.A. § 51-12-6, and the Defendants are entitled to dismissal of this claim. Similarly, the Plaintiffs cannot state a claim under O.C.G.A. § 51-7-80(5). O.C.G.A. § 51-7-80(5) merely defines "malice" for purposes of an abusive litigation claim and does not create a separate cause of action. Furthermore, to the extent that the Complaint can be construed as asserting a claim for abusive litigation under O.C.G.A. § 51-7-81, the Plaintiffs cannot state a claim. O.C.G.A. § 51-7-81 provides that "[a]ny person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) [w]ith malice; and (2) [w]ithout substantial justification." This statute was certainly not intended to create a cause of action against a presiding judge or court in which a

proceeding is pending. Any argument to the contrary would be absurd. The Defendants are, therefore, entitled to dismissal of any claim under O.C.G.A. §§ 51-7-80(5) or 51-7-81.

The Plaintiffs allege that the Defendants engaged in the restraint of trade in violation of O.C.G.A. §§ 2-10-107 and 10-4-177. O.C.G.A. § 2-10-107 authorizes agricultural producers to form market cooperatives without being deemed a combination in restraint of trade or an illegal monopoly. This statute is not applicable to this case, and the Defendants are entitled to dismissal of the Plaintiffs' claim under O.C.G.A. § 2-10-107. The Plaintiffs' claim under O.C.G.A. § 10-4-177 is similarly ridiculous. That statute addresses the sale of leaf tobacco and prohibits tobacco warehousemen from forming associations or corporations with the purpose of controlling prices or promulgating rules in restraint of trade. O.C.G.A. § 10-4-177. The Defendants are not associated with the production or storage of leaf tobacco and, therefore, O.C.G.A. § 10-4-177 has no application to this case.

The Plaintiffs contend that a conflict of interest was created when the contempt motion was filed in front of Judge Hunter because she is a member of the State Bar. Specifically, the Plaintiffs allege that Judge Hunter has a pecuniary interest in the State Bar because she pays dues as an active member and is, therefore, precluded from hearing the motion under O.C.G.A. § 15-1-8(a)(1). The same claim was essentially

made in <u>Alyshah Immigration I</u>.  In addressing that claim, the Court noted that "[t]his ludicrous assertion, if acknowledged as valid, would effectively bar the State Bar of Georgia from access to the Georgia courts, severely impeding its ability to aid in the regulation of the practice of law in Georgia."  (Order of Mar. 11, 2005, <u>Alyshah Immigration Agency, Inc. v. State Bar of Georgia</u>, No. 1:04-CV-1017-TWT (N.D. Ga. 2004), at 6 n.1.)  That observation is equally applicable to this case.  Accordingly, any allegation or claim of a conflict of interest is completely unfounded and dismissal is warranted.

Finally, as in <u>Alyshah Immigration I</u>, Alyshah is attempting to represent Alyshah Immigration.  This is clearly impermissible by law and expressly barred by the Consent Order.  A corporation may not proceed pro se.  <u>Eckles v. Atlanta Technology Group, Inc.</u>, 267 Ga. 801, 803 (1997).  Thus, Alyshah Immigration is not properly before this Court and any claims filed by this organization or on its behalf are dismissed.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Defendants' Motion to Dismiss [Doc. 7] is GRANTED.

SO ORDERED, this 12 day of October, 2005.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge